UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY DUANE KYLES

           Petitioner,           Case No. 04-CV-71412

v.

ANDREW JACKSON,

           Respondent.
                                              /

**OPINION AND ORDER DENYING MOTION TO STAY PROCEEDINGS FOR THE APPOINTMENT OF COUNSEL AND FOR FUNDS FOR A PRIVATE INVESTIGATOR**

Petitioner Anthony Kyles filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed an answer in opposition to the petition, and Petitioner has filed a rebuttal to respondent's answer, and a second rebuttal to respondent's answer. Now before the court is Petitioner's "Motion to Stay the Proceedings for the Appointment of Counsel and the Dispensing of Funds to Retain Investigative Services." The court denies the motion.

To avoid procedural default, Petitioner has, in his previous pleadings, made a claim of actual innocence. Petitioner now, in support of that claim, has attached to his current pleading a joint affidavit from his two sisters, stating that they were present when Petitioner's trial counsel interviewed a witness who stated he saw two white men in a black truck make threats at the Etchen house and then return and start the fire that lead to the deaths for which Petitioner was convicted (Petitioner is African-American, and was alleged

1

to have driven a green car to the scene). The affidavit, in paragraph 17, also provides that the witness further stated that he ran away because he was on probation and was not supposed to be in an area known for drugs and "that this was his reason for refusing to testify on our brother's behalf." Petitioner, in his motion, also provides that he does not know the witness's address, but that he lives in Pontiac or Detroit.

If a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). The threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317.

Although Petitioner claims that he just found out about the witness, the court finds that the evidence is not new, the witness having been interviewed by trial counsel before trial. Nor has petitioner presented evidence of innocence strong enough to undermine confidence in the outcome of his trial, even in conjunction with the evidence argued in his previous pleadings, considering particularly that the affidavit is not from the witness himself and that the witness previously expressed a reluctance to testify.

The interests of justice do not require that counsel be appointed, *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir.2002), cert. denied, 538 U.S. 984 (2003), reh. denied, 539 U.S. 970 (2003); *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir.1986), and there are no exceptional or unusual circumstances justifying a stay of proceedings. *See, Sitto v. Bock*, 207 F.Supp. 2d 668, 676 (E.D. Mich. 2002).

IT IS ORDERED that Petitioner's "Motion to Stay the Proceedings for the Appointment of Counsel and the Dispensing of Funds to Retain Investigative Services" is DENIED.

      S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 24, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 24, 2005, by electronic and/or ordinary mail.

      S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522