**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANTHONY KYLES,

        Petitioner,

                                          Case Number: 04-CV-71412

v.

ANDREW JACKSON,

        Respondent.

                                          /

**OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY
AND GRANTING PETITIONER'S APPLICATION TO PROCEED
ON APPEAL *IN FORMA PAUPERIS***

On August 26, 2005, the Court issued an opinion and order denying Petitioner's application for a writ of habeas corpus. Petitioner has filed a Notice of Appeal. Thus, the Court must determine whether Petitioner is entitled to a certificate of appealability (COA). *See Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (holding that "a district judge must issue or deny a COA if an applicant files a notice of appeal" without awaiting the filing of an application for a certificate of appealability). Petitioner also has filed an "Application to Proceed on Appeal *In Forma Pauperis*." For the reasons stated below, the court declines to issue a certificate of appealability and willl grant Petitioner's "Application to Proceed on Appeal *In Forma Pauperis*."

**I.  STANDARD**

An appeal from a district court's denial of a petition for a writ of habeas corpus may not be taken unless a certificate of appealability is issued either by a circuit court or district court judge. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The court must

either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). A district court is to set forth, in its order, all of the issues that the petitioner raised in the habeas petition and identify those issues, if any, that the district court is certifying for appeal. *In re Certificates of Appealability*, 106 F.3d at 1307.

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a prisoner's habeas corpus petition was denied on procedural grounds, a certificate of appealability "should issue . . .if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

## II. DISCUSSION

### A. Certificate of Appealability

Petitioner presented the following six issues in this habeas corpus petition:

I. The state court's adjudication of Petitioner's first habeas claim was contrary to and involved an unreasonable application of established Supreme Court law, and, was based on an unreasonable interpretation of the facts in view of the evidence presented at trial, where the police conducted an unduly suggestive photographic lineup while petitioner was in custody, which tainted the subsequent in-court identification by the witness.

2

II. The state court's adjudication of Petitioner's second habeas claim was contrary to and involved an unreasonable application of Supreme Court precedent, and was based on an unreasonable interpretation of the facts in view of the evidence adduced at trial, where no rational trier-of-fact could have found that the required element of causation was proved beyond a reasonable doubt, since the jury acquitted petitioner of first-degree felony murder (by means of arson).

III. The state court's adjudication of Petitioner's third habeas claim was contrary to and involved an unreasonable application of Supreme Court precedent, and was based on an unreasonable interpretation of the facts in view of the evidence presented at trial, where the state trial judge's decision to admit hearsay evidence to bolster the credibility of a prosecution witness, deprived Petitioner of his right to a fundamentally fair trial.

IV. The state court's adjudication of Petitioner's fourth habeas claim was contrary to and involved an unreasonable application of Supreme Court precedent, and was based on an unreasonable interpretation of the facts in view of the evidence adduced at trial, where the prosecutor intentionally misstated the testimony of key witnesses, argued facts that were not in evidence, and allowed perjured testimony to go before the jury.

V. The state court's adjudication of Petitioner's fifth habeas claim was contrary to and involved an unreasonable application of Supreme Court precedent, moreover, was based on an unreasonable interpretation of the facts in view of the evidence presented at trial, where defense counsel was unprepared for trial and rendered constitutionally ineffective assistance by failing to properly challenge the identification testimony of Keith Holliman, by not objecting when the prosecutor argued facts not in evidence, and by defense counsel's failure to present exculpatory evidence.

VI. The state court's adjudication of Petitioner's sixth habeas claim was contrary to and involved an unreasonable application of Supreme Court precedent, where Petitioner's constitutional claims fell within the requirement of MCR 6.508 which articulates the procedures for obtaining post-appeal relief, where Petitioner was denied his right to effective assistance of counsel on direct appeal, and can make a substantial showing of "actual innocence" and a fundamental miscarriage of justice.

The court held that Petitioner's second through fifth claims were procedurally defaulted and that Petitioner's claim of ineffective assistance of counsel, asserted as cause to excuse the default, was meritless. Petitioner's Notice of Appeal does not

3

provide a reasoned explanation as to why reasonable jurists would debate the court's decision that these claims were procedurally defaulted. The court relies on all of the reasons stated in its opinion denying habeas corpus relief, and finds that reasonable jurists would not find this court's disposition of these habeas claims to be debatable or wrong.

In his first and fifth claims for habeas corpus relief, Petitioner argued that his rights to counsel and due process were violated by the suggestive and counsel-less photographic identification procedure and that his trial attorney was ineffective for failing to move to suppress the in-court identification. While showing a witness a single photograph of a suspect has been recognized to be extremely suggestive, *see Simmons v. United States*, 390 U.S. 377, 383 (1968), an identification based upon an examination of a single photograph is not *per se* inadmissible. *See United Sates v. Causey*, 834 F.2d 1277 (6th Cir. 1987). Instead, it is admissible if the identification is nonetheless reliable. *See Manson v. Braithwaite*, 432 U.S. 98, 114 (1977).

The Michigan Court of Appeals held that there was a basis for the identification independent from the photograph. This court held that the state court's conclusion was not contrary to or an unreasonable application of Supreme Court precedent. Neither was the state court's holding that counsel was not ineffective for failing to move to suppress the identification contrary to or an unreasonable application of Supreme Court precedent. Petitioner failed to show that he was prejudiced by his attorney's failure to file a motion to suppress. Finally, the court held that because the Constitution does not guarantee an accused the right to counsel at photo arrays, *Moore v. Illinois*, 434 U.S.

220, 227-28 (1977), Petitioner's claim that the witness was improperly shown his photograph outside counsel's presence could not form a basis for habeas corpus relief.

The court finds that jurists of reason would not find the court's assessment of Petitioner's identification-related claims for habeas corpus relief to be debatable or wrong. Therefore, Petitioner has failed to show that he is entitled to a certificate of appealability with respect to this claim.

## B.  Application to Proceed *In Forma Pauperis*

Petitioner has filed an "Application to Proceed on Appeal *In Forma Pauperis*." Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching*, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). Although the court finds that a certificate of appealability should not issue, the court concludes that an appeal in this case may be taken in good faith. The court, therefore, shall grant Petitioner's Application to Proceed on Appeal *In Forma Pauperis*.

## III.  CONCLUSION

IT IS ORDERED that a Certificate of Appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Application to Proceed *In Forma Pauperis* on Appeal" [Dkt. # 43] is GRANTED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  December 1, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 1, 2005, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522